IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RAASHANN SYDNOR,**

    Plaintiff,

v.                                                                                    Civil Action No. **3:10CV780**

**DANIEL T. MAHON,**

    Defendant.

## REPORT AND RECOMMENDATION

Raashann Sydnor, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556).

Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Claim

Plaintiff's complaint arises out of an internal prison disciplinary procedure. While being transferred from James River Correctional Center to Haynesville Correctional Center, prison staff searched Plaintiff's belongings. They confiscated numerous items, including altered letterhead.[1] Plaintiff insisted that the prison staff planted the items in his belongings. Although the prison staff gave Plaintiff a confiscation form regarding many of the items seized, they did not give him one for the letterhead.

The day on which Plaintiff was informed that prison staff discovered the letterhead, they transferred him to segregation. Fifteen days later, Plaintiff received a written charge for "Possession of Forged Documents." While Plaintiff's appeal of that charge was pending, Plaintiff was released from segregation after spending a total of thirty days there.

---

[1] Plaintiff was "in possession of two sheets of original letterhead that had a blank piece of paper covering the content of the letters." (Mem. Supp. § 2254 Pet. Ex. G.) The papers were "copied to create two blank sheets of letterhead." (*Id.*)

3

Plaintiff examined the prison operating procedures and believed that he should never have been charged with the offense. Plaintiff presented this information to the Warden, who upheld the charge.

Plaintiff complains that "the failure of the administration to follow the rules and guidelines set forth in Operating Procedure 802.1 of the Virginia Department of Corrections[2] ... is a clear violation of [Plaintiff's] right to Due Process of the Law." (Mem. Supp. § 2254 Pet. 4.) Plaintiff requests that his internal prison conviction for Possession of Forged Documents be reversed and dismissed.

## Analysis

In order to state a viable claim against an individual under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). The Due Process Clause[3] applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing

---

[2] That procedure, according to Plaintiff, states that when contraband is transferred with a prisoner to a new facility, the receiving facility should not charge the prisoner with a disciplinary infraction unless the prisoner intentionally tried to circumvent search procedures. (Mem. Supp. § 2254 Pet. 3); VDOC Operating Proc. 802.1(V)(F)(5)(g).

[3] "No State shall ... deprive any person of life, liberty, or property, without due process of law ...." U.S. Const. amend. XIV, § 1.

4

cases). A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005).

Plaintiff indicates that he was confined in administrative segregation. The courts in the Fourth Circuit have repeatedly rejected the notion that inmates enjoy a protected liberty interest in avoiding confinement in segregation. *See United States v. Daniels*, 222 F. App'x 341, 342 n.* (4th Cir. 2007) ("Extended stays on administrative segregation . . . do not ordinarily implicate a protected liberty interest." (*citing Beverati*, 120 F.3d at 502)).[4] In order to retain a liberty interest in avoiding a particular condition of confinement, Plaintiff must demonstrate that the confinement presents "a dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff fails to present any allegations that plausibly suggest that his limited confinement in administrative segregation posed an "atypical and significant hardship." *Id.*; *see Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n. 2 (8th Cir. 1996) (concluding no liberty interest in avoiding placement in isolation); *Bynum v. Saunders*, 3:10CV28-HEH, 2010 WL 4975428, at *2 (E.D.Va. Nov. 30, 2010) (dismissing action where plaintiff failed to allege facts suggesting that ten-day

---

[4] However, some courts have concluded that inmates may enjoy a liberty interest in avoiding solitary confinement or isolation. *Compare Bynum*, 2010 WL 4975428, at *2 (citing cases for the proposition that there is no liberty interest in avoiding placement in isolation), *with Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (*citing Wolff v. McDonnell*, 418 U.S. 539 (1974)). Nevertheless, after *Iqbal* and *Sandin* the simple label of solitary confinement is not sufficient to plead a plausible claim for a denial of due process. *See Iqbal*, 129 S. Ct. at 1949. Rather, the plaintiff must allege facts that suggest his conditions in administrative segregation or solitary confinement "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Stoudemire v. S.C. Dep't Corr.*, No. 8:08-03866, 2009 WL 2207819, at *4 (D.S.C. July 23, 2009). Plaintiff has not done so.

confinement in isolation imposed a significant hardship); *Odighizuwa v. Strouth*, No. 7:06cv00720, 2007 WL 1170640, at *6 (W.D. Va. Apr. 17, 2007), *aff'd*, 261 F. App'x 498 (4th Cir. 2008); *Lamp v. Wallace*, No. 3:04CV317, 2005 WL 5303512, at *7 (E.D. Va. Mar. 23, 2005), *aff'd*, 205 F. App'x 151 (4th Cir. 2006). Therefore, Plaintiff has failed to allege a plausible claim that he has a liberty interest in avoiding placement in segregation or solitary confinement.[5]

Assuming, *arguendo*, that a liberty interest exists, however, "the due process clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules." *Brown*, 938 F. Supp. At 344 (*citing Wolff*, 418 U.S. at 559-66). "When an inmate is faced with . . . solitary confinement, prison officials must (1) provide him with advance written notice of the charge against him; (2) keep a written record of the disciplinary committee's findings and the evidence relied on in convicting him; and (3) under limited circumstances, offer him the right to call witnesses." *Id.* (*citing Wolff*, 418 U.S. at 559-66).

Plaintiff does not complain that any of these "minimum procedural safeguards" were breached. *Wolff*, 418 U.S. at 572 n.19.[6] To the contrary, Plaintiff only complains that he should never have been charged with the infraction at all because the state-created rule explains that,

---

[5] The Court notes that Plaintiff has not alleged that the duration of his sentence has been affected, such as by the revocation of good-time credits. *See Wolff*, 418 U.S. at 559-66 (explaining the minimum procedural safeguards due when a prisoner faces the loss of good-time credits).

[6] Furthermore, Plaintiff does not allege that the conditions he endured while in solitary confinement constituted such a sufficiently atypical and significant hardship that he enjoyed a right to procedural due process in regard to their imposition. *See Kennedy*, 100 F.3d at 642-43 & n.2.

absent a showing of the prisoner's attempt to circumvent search procedures, a transferred prisoner should not be charged with possession of contraband. However, "a state's failure to abide by its own law as to *procedural* protections is not a federal due process issue." *Brown*, 938 F. Supp. at 344 (*citing Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)).

Plaintiff seems to complain, moreover, about the internal appeal procedure for presenting "new evidence" to the Warden. However, "any violations of [internal] appeal procedures state at most a violation of state law and do[] not implicate federal due process rights." *Brown*, 938 F. Supp. at 345 (*citing Riccio*, 907 F.2d at 1469).

Because Plaintiff has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, it is RECOMMENDED that this action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within fourteen (14) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each

defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ 
M. Hannah Lauck
United States Magistrate Judge

Date: 6-1-11
Richmond, Virginia