IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RAASHANN SYDNOR, )
)
    Plaintiff, )
v. )   Civil Action No. 3:10CV780–HEH
)
DANIEL T. MAHON, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
### (Adopting Report and Recommendation and Dismissing § 1983 Action)

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a

plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Claim

Plaintiff's complaint arises out of an internal prison disciplinary procedure. While being transferred from James River Correctional Center to Haynesville Correctional Center, prison staff searched Plaintiff's belongings. They confiscated numerous items, including altered

letterhead.[1] Plaintiff insisted that the prison staff planted the items in his belongings. Although the prison staff gave Plaintiff a confiscation form regarding many of the items seized, they did not give him one for the letterhead.

The day on which Plaintiff was informed that prison staff discovered the letterhead, they transferred him to segregation. Fifteen days later, Plaintiff received a written charge for "Possession of Forged Documents." While Plaintiff's appeal of that charge was pending, Plaintiff was released from segregation after spending a total of thirty days there.

Plaintiff examined the prison operating procedures and believed that he should never have been charged with the offense. Plaintiff presented this information to the Warden, who upheld the charge.

Plaintiff complains that "the failure of the administration to follow the rules and guidelines set forth in Operating Procedure 802.1 of the Virginia Department of Corrections[2] . . . is a clear violation of [Plaintiff's] right to Due Process of the Law." (Mem. Supp. § 2254 Pet. 4.) Plaintiff requests that his internal prison conviction for Possession of Forged Documents be reversed and dismissed.

## Analysis

In order to state a viable claim against an individual under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). The Due Process Clause[3] applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). A liberty interest may arise from the

---

[1] Plaintiff was "in possession of two sheets of original letterhead that had a blank piece of paper covering the content of the letters." (Mem. Supp. § 2254 Pet. Ex. G.) The papers were "copied to create two blank sheets of letterhead." (*Id.*)

[2] That procedure, according to Plaintiff, states that when contraband is transferred with a prisoner to a new facility, the receiving facility should not charge the prisoner with a disciplinary infraction unless the prisoner intentionally tried to circumvent search procedures. (Mem. Supp. § 2254 Pet. 3); VDOC Operating Proc. 802.1(V)(F)(5)(g).

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

3

Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005).

Plaintiff indicates that he was confined in administrative segregation. The courts in the Fourth Circuit have repeatedly rejected the notion that inmates enjoy a protected liberty interest in avoiding confinement in segregation. *See United States v. Daniels*, 222 F. App'x 341, 342 n.* (4th Cir. 2007) ("Extended stays on administrative segregation . . . do not ordinarily implicate a protected liberty interest." (citing *Beverati*, 120 F.3d at 502)).[4] In order to retain a liberty interest in avoiding a particular condition of confinement, Plaintiff must demonstrate that the confinement presents "a dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Plaintiff fails to present any allegations that plausibly suggest that his limited confinement in administrative segregation posed an "atypical and significant hardship." *Id.*; *see Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (concluding no liberty interest in avoiding placement in isolation); *Bynum v. Saunders*, 3:10CV28-HEH, 2010 WL 4975428, at *2 (E.D. Va. Nov. 30, 2010) (dismissing action where plaintiff failed to allege facts suggesting that ten-day confinement in isolation imposed a significant hardship); *Odighizuwa v. Strouth*, No. 7:06cv00720, 2007 WL 1170640, at *6 (W.D. Va. Apr. 17, 2007), *aff'd*, 261 F. App'x 498 (4th Cir. 2008); *Lamp v. Wallace*, No. 3:04CV317, 2005 WL 5303512, at *7 (E.D. Va. Mar. 23, 2005), *aff'd*, 205 F. App'x 151 (4th Cir. 2006). Therefore, Plaintiff has failed to allege a plausible claim that he has a liberty interest in avoiding placement in segregation or solitary confinement.[5]

Assuming, arguendo, that a liberty interest exists, however, "the due process clause of the Fourteenth Amendment mandates several procedural

---

[4] However, some courts have concluded that inmates may enjoy a liberty interest in avoiding solitary confinement or isolation. *Compare Bynum*, 2010 WL 4975428, at *2 (citing cases for the proposition that there is no liberty interest in avoiding placement in isolation), *with Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Nevertheless, after *Iqbal* and *Sandin* the simple label of solitary confinement is not sufficient to plead a plausible claim for a denial of due process. *See Iqbal*, 129 S. Ct. at 1949. Rather, the plaintiff must allege facts that suggest his conditions in administrative segregation or solitary confinement "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Stoudemire v. S.C. Dep't Corr.*, No. 8:08-03866, 2009 WL 2207819, at *4 (D.S.C. July 23, 2009). Plaintiff has not done so.

[5] The Court notes that Plaintiff has not alleged that the duration of his sentence has been affected, such as by the revocation of good-time credits. *See Wolff*, 418 U.S. at 559-66 (explaining the minimum procedural safeguards due when a prisoner faces the loss of good-time credits).

4

> safeguards before an inmate may be punished for violating prison disciplinary rules." *Brown*, 938 F. Supp. At 344 (citing *Wolff*, 418 U.S. at 559-66). "When an inmate is faced with . . . solitary confinement, prison officials must (1) provide him with advance written notice of the charge against him; (2) keep a written record of the disciplinary committee's findings and the evidence relied on in convicting him; and (3) under limited circumstances, offer him the right to call witnesses." *Id.* (citing *Wolff*, 418 U.S. at 559-66).
>
> Plaintiff does not complain that any of these "minimum procedural safeguards" were breached. *Wolff*, 418 U.S. at 572 n.19.[6] To the contrary, Plaintiff only complains that he should never have been charged with the infraction at all because the state-created rule explains that, absent a showing of the prisoner's attempt to circumvent search procedures, a transferred prisoner should not be charged with possession of contraband. However, "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." *Brown*, 938 F. Supp. at 344 (citing *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990)).
>
> Plaintiff seems to complain, moreover, about the internal appeal procedure for presenting "new evidence" to the Warden. However, "any violations of [internal] appeal procedures state at most a violation of state law and do[] not implicate federal due process rights." *Brown*, 938 F. Supp. at 345 (citing *Riccio*, 907 F.2d at 1469).
>
> Because Plaintiff has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, it is RECOMMENDED that this action be DISMISSED.

(June 1, 2011 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Plaintiff filed an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains

---

[6] Furthermore, Plaintiff does not allege that the conditions he endured while in solitary confinement constituted such a sufficiently atypical and significant hardship that he enjoyed a right to procedural due process in regard to their imposition. *See Kennedy*, 100 F.3d at 642-43 & n.2.

5

with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. PLAINTIFF'S AMENDED COMPLAINT

The statement of facts and statement of claims sections of Plaintiff's Amended Complaint are virtual carbon copies of the statement of facts section of his Memorandum in Support of his original Complaint with the exception that, in his Amended Complaint, Plaintiff numbered each individual sentence as a separate paragraph and refers to himself as "Plaintiff" rather than "Petitioner." (*Compare* Mem. Supp. Compl. (Dk. No. 2) 1–4, *with* Am. Compl. (Dk. No. 11) ¶¶ 10–31.) Plaintiff also adds the following four sentences to his statement of claims:

> 32. As a result of the conviction Plaintiff lost his Level 1 Good Time, and was placed at Level 2, which moved his release date from 4/6/2022 to 10/31/2022).
> 33. Plaintiff then remained charge free for one year and at his next annual review he obtained his Level 1 Good Time back which resulted in a Good Time Release Date of 4/28/2022.
> 34. The difference in the original date (4/6/2022) and the date resulting from the charge (4/28/2022) is Twenty-Two (22) days, thus the violation of

> Due Process which has occurred has resulted in the loss of those Twenty-Two (22) days.
> 35. This loss of good-time implicates a protected liberty interest as minimum procedural safeguards are due when a prisoner faces the loss of good-time credits, and such safeguards have not been followed by Warden Mahon and the administration.

(Am. Compl. ¶¶ 32–35 (spacing corrected; internal citations omitted).)

Plaintiff suggests that he enjoys a protected liberty interest in the rate at which he earns good time to reduce his term of confinement. Plaintiff is wrong. Plaintiff's institutional conviction did not result in the forfeiture of any previously earned good time credits, but only in the reclassification of the rate at which he earns good time credits going forward. Plaintiff fails to specify whether the good time to which he refers is Earned Sentence Credits or Good Conduct Allowances.[7] Nevertheless, it is well established that Virginia inmates do not enjoy a protected liberty interest in the rate at which they earn either Earned Sentence Credits or Good Conduct Allowances. *See Sazynski v. Clarke*, No. 2:10CV156, 2011 WL 586973, at *3 (E.D. Va. Feb. 8, 2011) (*citing Puranda*, 2009 WL 3175629, at *5; *Martin v. Johnson*, No. 7:08-cv-00249, 2008 WL 957869, at *4 (W.D. Va. Apr. 8, 2008); *DeBlasio v. Johnson*, 128 F. Supp. 2d 315, 330 (E.D. Va. 2000)); *Gaskins v. Johnson*, 443 F. Supp. 2d 800, 805 (E.D. Va. 2006). Accordingly, Plaintiff's claims will be dismissed.

---

[7] Since January 1, 1995, Virginia inmates incarcerated for felony offenses fall under the Earned Sentence Credit System. *See Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *1 (E.D. Va. Sept. 30, 2009) (citing Va. Code Ann. 53.1-202.2 (2008)). The Earned Sentence Credit System "replaced the prior system of sentence credits which awarded Good Conduct Allowances." *Id.* n.3 (citing Va. Code Ann. § 53.1-199)).

## IV. CONCLUSION

For the foregoing reasons, the Report and Recommendation will be accepted and adopted. Plaintiff's claims will be dismissed and the action will be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

Date: Feb 23, 2012
Richmond, Virginia

　　　　　　　　　　　　　　　/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE